ALDERMAN, Justice.
By petition for writ of certiorari, Smalley Transportation Company requests that this Court review Orders No. 13595 and No. 13949 of the Public Service Commission, denying its request for clarification of Orders No. 12072 and No. 12210, entered by the Commission in 1975.
*424 The sole question for our determination is whether the Public Service Commission erred in denying Smalley’s request for clarification. We find that the previously entered orders are inherently ambiguous and that the Commission erred in refusing to clarify them.
In 1973, Smalley filed an application with the Commission seeking to extend its Certificate No. 1013 so as to authorize the transportation of general commodities, with the usual exceptions, in scheduled, regular route service (1) between Ocala and Orlando over State Road 50, U. S. Highway 27 and U. S. Highway 441, serving all intermediate points; (2) between Jacksonville and Ocala over U. S. Highway 301, serving no intermediate points on U. S. Highway 301; and (3) irregular route service between ail points in Jacksonville. The hearing examiner issued lengthy findings of fact and conclusions on September 11, 1973, recommending that Smalley’s application be denied. Smalley filed exceptions to the hearing examiner’s findings of fact and conclusions, and on April 30, 1975, the Commission entered Order No. 12072, which stated in pertinent part:
ORDERED by the Florida Public Service Commission that the application of Smalley Transportation Company, 2202— 38th Street, Tampa, Florida 33605, for extension of its Certificate No. 1013 so as to authorize the transportation of general commodities restricted against commodities of unusual value, Class A and B explosives, household goods as defined by the Commission, commodities in bulk, garments on hangers, commodities requiring refrigeration, commodities the transportation of which because of size and weight, require the use of special equipment (except flat bed trailers), and the following commodities when moving in truckload lots: building and construction materials, cement, beer, sodium hy-pochlorite, lumber, and empty glass containers and bottles and closures therefor, between (1) Ocala and Orlando over SR 50, US 27 and US 441 serving all intermediate points and (2) Jacksonville and Oca-la over US 301 serving no intermediate points, be and the same is hereby granted. .
No reference was made in Order No. 12072 to Smalley’s request for irregular route service between all points in Jacksonville. Protestants filed a petition for reconsideration, which petition was denied by Order No. 12210. The Commission commenced Order No. 12210 with the following language:
By Order No. 12072 issued on April 30, 1975, the Commission granted the application of Smalley Transportation Company for extension of its Certificate No. 1013 so as to authorize the transportation of general commodities with the usual exceptions in scheduled, regular route service between (1) Ocala and Orlando over SR 50, US 27 and US 441 serving all intermediate points (2) between Jacksonville and Ocala over US 301 serving no intermediate points on US 301; and (3) irregular route service between all points in Jacksonville. [Emphases supplied.]
The petition for writ of certiorari filed with this Court by protestants was denied on October 28, 1976, in a brief opinion, Gator Freightways, Inc., et al. v. Mayo, 339 So.2d 192 (Fla.1976).
On March 21, 1977, Smalley filed a petition for corrective order with the Commission, requesting that the Commission correct Order No. 12072 and extend Certificate No. 1013 to include “(3) irregular route service between all points in Jacksonville” in the aforesaid ordering paragraph since it was clearly the intention of the Commission to grant the entire application. Moed’s Transfer Company and Crown Motor Lines, Inc., protestants, in their reply to petition for corrective order, contended that neither Order No. 12072 nor the extension of Certificate No. 1013 was in error since omission of part (3) requested in petitioner’s application was not inadvertent.
The Commission entered Order No. 13595 on June 15, 1977, unanimously denying the petition for corrective order and reciting, “The orders speak for themselves; no clarification is needed.” Smalley, thereafter, *425 filed a petition for reconsideration which was denied by Order No. 13949.
Orders No. 12072 and No. 12210 are not clear on their face, and the Commission erred in refusing to grant the petition for clarification. Accordingly, the petition for writ of certiorari is granted, Orders No. 13595 and No. 13949 are quashed, and this cause is remanded with directions to the Public Service Commission to clarify Orders No. 12072 and No. 12210.
It is so ordered.
OVERTON, C. J., and BOYD, SUND-BERG and HATCHETT, JJ., concur.